UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23236-BLOOM

MARLON A. WILSON, *et al.*,

    Plaintiffs,

v.

JAMES PHELPS, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Plaintiffs Marlon A. Wilson's, Gregory Fuller's, Steve Boria's, and Eron Ventura's ("Plaintiffs") Emergency Complaint, ECF No. [1] ("Complaint"), filed pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). For reasons set forth below, the Complaint is transferred to the United States District Court for the Middle District of Florida.

Plaintiffs are federal prisoners currently incarcerated at the United States Penitentiary Coleman I ("Coleman"). ECF No. [1]. The events underlying the Complaint arose in/at Coleman, which is located in Sumter County, Florida. *Id.* Defendants James Phelps, B.M. Antonelly, Roy Cheathem, Kathy Lane, Daniel Wagomer, and S. Salem reside in Sumter County. *See* ECF No. [1] at 1. Plaintiff also names the Director of the Federal Bureau of Prisons, United States Department of Justice, and United States Attorney General Merrick[1] Garland as Defendants. *Id.*

Venue for a *Bivens* actions is governed by 28 U.S.C. § 1391(b). *See Stafford v. Briggs*, 444 U.S. 527, 544 (1980). Under § 1391(b), a federal civil rights action may be brought in a judicial

---

[1] The spelling of Defendant Merrick Garland's first name has been corrected. Plaintiffs misspelled Defendant's first name as "Myrick." *See* ECF No. [1] at 1.

district where any defendant resides, if all defendants reside in the same State, or in the judicial district in which the claims arose. 28 U.S.C. § 1391(b). When venue is improper, a court may, in the interest of justice, transfer the case to a district court in which it could have been brought. 28 U.S.C. § 1406(a). Additionally, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a) (alterations added).

Here, Plaintiffs allege that all the events underlying the Complaint arose in Sumter County, Florida. ECF No. [1] at 4-12. Sumter County is located within the jurisdiction of the United States District Court for the Middle District of Florida. 28 U.S.C. § 89(b). Venue is improper in this district, and the Court finds it to be in the interest of justice to transfer this action to the United States District Court for the Middle District of Florida.

Accordingly, it **is ORDERED AND ADJUDGED** that this case be **TRANSFERRED** to the Middle District of Florida. The Clerk of Court is direct to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 8, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Marlon A. Wilson, *Pro Se*
33285-007
Coleman I-USP
Inmate Mail/Parcels
Post Office Box 1033
Coleman, FL 33521

Case No. 21-cv-23236-BLOOM

Gregory Fuller, *Pro Se*
85145-054
Coleman I-USP
Inmate Mail/Parcels
Post Office Box 1033
Coleman, FL 33521

Steve Boria, *Pro Se*
78114-054
Coleman I-USP
Inmate Mail/Parcels
Post Office Box 1033
Coleman, FL 33521

Eron Ventura, *Pro Se*
22117-021
Coleman I-USP
Inmate Mail/Parcels
Post Office Box 1033
Coleman, FL 33521